# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SCOTT LONG, )
                Plaintiff, )
)
vs. ) Case No. 13-2533-JAR-GLR
)
AHMAD ARFAANIA, )
)
                Defendant. )
)

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Ahmad Arfaania's Motion to Set Aside Clerk's Entry of Default and Default Judgment (Doc. 16) for lack of personal jurisdiction. Plaintiff has responded and opposes the motion, claiming Defendant was sufficiently served. As explained more fully below, the Court takes Defendant's motion under advisement and sets this matter for hearing.

### I.   Background

The Complaint in this matter was filed on October 16, 2013, alleging a securities fraud claim under § 10(b) of The Securities Act of 1934 and state law fraud and conversion claims against Defendant Ahmad Arfaania[1]  Summons was issued the same day, and on December 2, 2013, it was returned executed showing personal service was made upon Ahmad Arfaania on November 24, 2013.[2]  The notarized proof of service states that the process server, Sean Bennett, personally served Defendant at an apartment building on Malcolm Avenue #301, Los Angeles,

---

[1] Doc. 1.

[2] Doc. 3.

California, 90024. Mr. Bennett executed an affidavit on April 10, 2014, stating that "[p]rior to completing service, I asked the subject to confirm his name as Ahmad Arfaania, and he provided an affirmative answer."[3]

A clerk's entry of default was entered on December 20, 2013, after the answer deadline passed, based on the proof of service that showed Defendant had been personally served. On February 19, 2014, Default Judgment was entered against Ahmad Arfaania, based on the affidavit of Scott Long showing that the claim in this matter was for a sum certain.[4] Plaintiff has subsequently obtained writs of garnishment in an effort to satisfy the judgment in this matter.

Defendant asserts that he did not learn of the clerk's entry of default or default judgment until his E*Trade brokerage account was garnished. He has submitted an affidavit asserting that although he resides at the Malcolm Avenue address in Los Angeles, his unit number is 102 and not 301. He further attests that he was not personally served and that he has never personally traveled to the state of Kansas, nor spoken with Plaintiff either in person or through any type of correspondence.

## II.     Discussion

Under Rule 55(c), the Court may set aside a default judgment under Rule 60(b). Defendant argues that the default judgment in this case is void because he was never properly served and because the Court lacks personal jurisdiction. "'A default judgment in a civil case is

---

[3] Doc. 18, Ex. B ¶ 7.

[4] Doc. 7; *see* Fed. R. Civ. P. 55(b)(1).

void if there is no personal jurisdiction over the defendant.'"[5] And if the judgment is void under Rule 60(b)(4), then relief from judgment is mandatory and not discretionary.[6]

"'Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'"[7] Fed. R. Civ. P. 4(e) governs service of an individual within the United States and allows for service by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Under Rule 4(e)(1), it is sufficient for plaintiff to follow either Kansas or California law for serving summons because Kansas is the state where the district court is located and California is the state where service was purportedly made. Generally, the burden of proving valid service is on the party asserting the validity of service.[8]

Plaintiff claims that the Court need not look to Kansas or California law because it served defendant personally at the Malcolm Avenue address on November 24, 2013, in compliance with

---

[5]Fed. R. Civ. P. 60(b)(4) (allowing the court to relieve a party from final judgment when "the judgment is void."); *Hukill v. Okla. Native Am. Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008) (quoting *United States v. Bigford*, 271 F.3d 1247, 1251 (10th Cir. 2001)).

[6]*Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011).

[7]*Howard v. Jenny's Country Kitchen*, 223 F.R.D. 559, 563 (D. Kan. 2004) (quoting *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

[8]*Staudinger v. Hoelscher, Inc.*, 166 F. Supp. 2d 1335, 1340 (D. Kan. 2001)

3

Rule 4(e)(2)(A).⁹ It is undisputed that the summons and proof of service contain the correct address for Defendant's residence, but that they indicate the wrong unit number. Nonetheless, the special process server completed an affidavit stating that he confirmed that the recipient of service was in fact the Defendant. Defendant denies that he was personally served.

In resolving the factual dispute in this matter, the Court finds instructive the standard to be applied in ruling on a motion to dismiss for lack of personal jurisdiction. In the absence of an evidentiary hearing, as in this case at this juncture, the plaintiff must make only a prima facie showing of jurisdiction to defeat a motion to dismiss.¹⁰ "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."¹¹ Allegations in a complaint are accepted as true if they are plausible, non-conclusory, and non-speculative, to the extent that they are not controverted by submitted affidavits.¹² At the same time, the Court does not have to accept as true conclusory allegations, nor incompetent evidence. When a defendant has produced evidence to support a challenge to personal jurisdiction, a plaintiff has a duty to come forward with competent proof in support of the jurisdictional allegations of the complaint.¹³ The court resolves all factual

---

⁹Personal service would satisfy the requirements of either the Kansas or California long-arm statutes. K.S.A. § 610-303(d); Cal. Code Civ. Proc. 415.10.

¹⁰*AST Sports Sci., Inc. v. CLF Distrib. Ltd.,* 514 F.3d 1054, 1056–57 (10th Cir. 2008); *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

¹¹*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010) (citing *TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.,* 488 F.3d 1282, 1286 (10th Cir. 2007)); *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

¹²*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989); *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985).

¹³*Pytlik*, 887 F.2d at 1376.

disputes in favor of the plaintiff.[14] Conflicting affidavits are also resolved in the plaintiff's favor, and "the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."[15] "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'"[16]

Plaintiff has established a prima facie case that Defendant was personally served. The Court resolves Defendant and Mr. Bennett's conflicting affidavits in favor of Plaintiff. Both the return of service and the supplementary affidavit sufficiently fulfill Plaintiff's burden to establish that Defendant was served.[17] Contrary to Defendant's characterization of the return of service, it clearly indicates that service was accomplished by personally serving the summons on the Defendant. Although the box is not checked, the information is completed in this section of the standard AO form used by this Court for proof of service. And while there is no indication of the time of day, such information is not mandated by the form, nor does Defendant provide any authority for the proposition that a time is required in order for proof of service to be valid.

To establish personal jurisdiction over a defendant, Plaintiff must show that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process.[18] The Kansas long-arm statute is construed liberally so as to allow jurisdiction to

---

[14]*Dudnikov*, 514 F.3d at 1070.

[15]*Behagen*, 744 F.2d at 733.

[16]*OMI Holdings*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

[17]*See* Fed. R. Civ. P. 4(l)(3) ("Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended).

[18]*Intercon, Inc., v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).

the full extent permitted by due process, therefore the Court typically proceeds directly to the constitutional analysis when there is a personal jurisdiction challenge.[19] That due process analysis is comprised of two steps. First, the court must consider whether the defendant has such minimum contacts with the forum state "that he should reasonably anticipate being haled into court there."[20] If the requisite minimum contacts are found, the Court will proceed to the second step in the due process analysis—ensuring that the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'"[21] Therefore, even though the Court finds that Plaintiff has fulfilled his prima facie burden of demonstrating the sufficiency of service, he must still establish that jurisdiction in this matter comports with due process.

The Complaint alleges that the acts complained of occurred in whole or in substantial part in the state of Kansas, including the wiring of funds from a bank account in Kansas, which funds compromise a substantial portion of the damages sustained by Plaintiff through the conduct of Defendant.[22] Defendant states in his affidavit that he has had no contacts with Plaintiff in any way, nor has he personally traveled to Kansas. The Court finds that the record is insufficient to decide the jurisdictional question under a constitutional analysis and will set the matter for

---

[19]*Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) (citing *Volt Delta Res., Inc. v. Devine*, 740 P.2d 1089, 1092 (Kan. 1987)).

[20]*Emp'rs Mut. Cas. Co.*, 618 F.3d at 1159–60 (citing *OMI Holdings, Inc.*, 149 F.3d at 1091).

[21]*See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[22]*See Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1170–71 (10th Cir. 2011) (explaining that district court need not make an explicit finding of personal jurisdiction before entering default judgment where the record supported a prima facie finding of personal jurisdiction and the defendant had not raised the challenges in a timely manner; a hearing on personal jurisdiction after the entry of default judgment is sufficient).

hearing.  After hearing evidence and argument, if the Court determines that personal jurisdiction is lacking, the Court will grant the motion to set aside default judgment and find the judgment void under Rule 60(b)(4).  If the Court determines that it should exercise personal jurisdiction over this defendant, it will proceed to determine whether default judgment should be set aside under an excusable neglect analysis.[23]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Set Aside Clerk's Entry of Default and Default Judgment (Doc. 16) is taken under advisement.  This matter shall be set for hearing.  Counsel are instructed to contact Ms. Bonnie Wiest at ksd_robinson_chambers@ksd.uscourts.gov to coordinate a date and time for this hearing as soon as practicable.

**A copy of this Order shall be sent to Defendant Ahmad Arfaania by certified mail at the following address: 1465 Malcolm Ave. Apt. 102, Los Angeles, CA 90024.**

**IT IS SO ORDERED**.

Dated: <u>May 27, 2014</u>

                                                 S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE

---

[23]*See* Fed. R. Civ. P. 60(b)(1); *Zimmerling v. Affinity Fin. Corp.*, 478 F. App'x 505 (10th Cir. 2012) (considering motion to set aside default judgment under Rule 60(b)(1)).